DOCKETED ON CM
MAY 29 2007
BY _____ 053

P SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-2825 PA (MAx) | Date | May 24, 2007 |
|---|---|---|---|

| Title | California Car Cover Co. v. J.C. Whitney & Co., et al. |
|---|---|

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is plaintiff California Car Cover Company's ("Plaintiff") Response to the Court's Order to Show Cause Why One or More Defendants Should Not be Dropped for Misjoiner.

Plaintiff filed this action against fifteen entities and individuals who either operate or registered internet domain names which allegedly infringe Plaintiff's trademarks. As the Court reads the Complaint, some of those fifteen defendants are related to each other, but there is no common link among all of the defendants except for the common legal questions raised by Plaintiff's allegations. Instead, Plaintiff has brought claims against five separate groups of defendants in the same action.

Federal Rule of Civil Procedure 20(a), which allows for permissive joinder, provides, in pertinent part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction , occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Rule 20(a) imposes two specific requirements for proper joinder: "(1) a right to relief must be asserted . . . against . . . each defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Here, defendant J.C. Whitney & Co. is not alleged to have any factual relationship with any of the other defendants. Similarly, the two California Covers defendants, RSC, Inc., and Randy Spalossa, although alleged to be related to one another, do not appear to be associated with any of the other defendants. Although defendant Domains By Proxy, Inc. is alleged to be associated with both California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-2825 PA (MAx) | Date | May 24, 2007 |
| Title | California Car Cover Co. v. J.C. Whitney & Co., et al. | | |

Car Covers Online and the BuyAutomotive defendants, the Complaint alleges that California Car Covers Online and BuyAutomotive are separate businesses located in different states. The fact that the two entities have both apparently used the services of Domains By Proxy to allegedly shield their identities is not sufficient to justify joinder of the two entities in the same action. Finally, although Plaintiff alleges a relationship between Marchex, Inc., MDNH, Inc., Moniker Privacy Services, Moniker Online Services, and DomainSystems, Inc., there does not appear to be a relationship between those defendants and the other defendants.

Although Plaintiff's legal theories against each group of defendants overlaps, and there may well be common questions of fact, the Court concludes that Plaintiff's claims against each group do not arise out of the "same transaction, occurrence, or series of transactions or occurrences . . . ." Fed. R. Civ. P. 20(a). For example, whether J.C. Whitney & Co. may have infringed on Plaintiff's trademarks has no bearing on Plaintiff's claim that California Car Covers Online may have also infringed. Other than the asserted similarity of the conduct, there is simply no alleged connection between the two defendants. To nevertheless conclude that joinder is proper in such a situation would conflate the "same transaction or occurrence" requirement with the inquiry concerning common "questions of law or fact . . . ." Id. Those requirements, however, are distinct. Coughlin, 130 F.3d at 1351 ("To join together in one action, plaintiffs must meet two specific requirements . . . . If plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance.").

Pursuant to Federal Rule of Civil Procedure 21, misjoinder of parties "is not ground for dismissal of an action." Instead, parties "may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Where there is a misjoinder, "the court can generally dismiss all but the first named [defendant] without prejudice to the institution of new, separate lawsuits [against] the dropped [defendants]." Coughlin, 130 F.3d at 1350. The Court further concludes that dropping the misjoined defendants furthers the interests of justice by streamlining Plaintiff's claims against the defendants and avoiding the potential prejudice and confusion which may result from litigating claims against unrelated defendants in the same action. Additionally, because there does not appear to be a statute of limitations issue, Plaintiff will suffer no prejudice if the Court drops all of the defendants except the first-named defendant.[1]

For all of the foregoing reasons, the Court concludes that Plaintiff has misjoined the defendants in this action. Pursuant to Federal Rule of Civil Procedure, all defendants except J.C. Whitney & Co. are dropped from this action. Plaintiff may refile its claims against the remaining defendants. Plaintiff

---

[1] In reaching this conclusion, the Court is not ruling that Plaintiff must bring fifteen separate actions. Instead, the Court has merely concluded that the manner in which Plaintiff has joined these fifteen defendants in this action is inconsistent with Federal Rule of Civil Procedure 20(a).

P SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2825 PA (MAx) | Date | May 24, 2007 |
|---|---|---|---|

| Title | California Car Cover Co. v. J.C. Whitney & Co., et al. |
|---|---|

shall, no later than June 8, 2007, file an Amended Complaint in this action alleging claims only against J.C. Whitney & Co. Failure to file the Amended Complaint by that date may result in the dismissal of the action without prejudice.

    IT IS SO ORDERED